## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Christian Garcia, a Special Agent with the United States Drug Enforcement Administration hereinafter referred to as DEA being duly sworn, depose and state as follows:

## INTRODUCTION

I am a Special Agent of the United States Drug Enforcement Administration (DEA) and have been so employed since February 2022. I am currently assigned to the Caribbean Corridor Strike Force (CCSF)[1]. As such, I am empowered under Title 21, United States Code, § 878, to enforce Title 21 and other criminal laws of the United States, to make arrests and obtain and execute search, seizure and arrest warrants. I graduated from the full-time residence "Basic Agent Training Program" in Quantico, Virginia. The Basic Agent Training Program focuses on law courses, search and seizure warrants, enforcement of federal drug laws, identification of controlled substances, surveillance, counter-surveillance, firearms training and the smuggling of drugs.

As a Special Agent with the DEA, I have participated in drug trafficking investigations, including investigations that have resulted in felony arrests for violations of Title 21 of the United States Code. I have participated in surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses, and others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from controlled substance trafficking.

---

[1] The Organized Crime Drug Enforcement Task Force Caribbean Corridor Strike Force is a multi-agency task force comprised of agents from the Drug Enforcement Administration, Homeland Security Investigations, the United States Coast Guard Investigative Services, United States Marshal Services, and other agencies. CCSF operates in the District of Puerto Rico and targets the smuggling of shipments of narcotics into Puerto Rico, the transshipment of drugs to the continental United States, and the laundering of drug proceeds using bulk cash smuggling and sophisticated money laundering activities.

Based on my training and experience and information from more experienced investigators, I am familiar with narcotics traffickers' methods (*modus operandi*) of operation including the distribution, storage, and transportation of narcotics, and the collection of money proceeds of narcotics trafficking.

I am also familiar with methods employed by large narcotics organizations to thwart detection by law enforcement, including the use of vague and coded language, debit calling cards, public telephones, cellular telephone technology, counter surveillance, false or fictitious identities, and encoded communications.

Because of my personal participation in this investigation, and because of information provided to me by other agents and officers, and my personal observations, I am familiar with the facts and circumstances of this investigation. My experience in investigating drug offenders, my education, my conversations with senior agents, and my specialized training formed a basis of the opinions and conclusions set forth below which I drew from the facts set forth herein.

I have not set forth all the facts uncovered during this investigation in preparing this affidavit. This affidavit is intended to show merely that there is sufficient probable cause in support of a criminal complaint concerning violations of 21 U.S.C. Section 841(a)(1) and (b)(1)(A)(ii), that is, Possession with Intent to Distribute more than 5Kg of cocaine.

## FACTS ESTABLISHINHG PROBABLE CAUSE

Based on my personal participation in this investigation, and discussions with other law enforcement officers and reviews of reports generated by local and federal law enforcement officials, I learned the following:

On March 11, 2025, at approximately 01:03 AM, Customs and Border Protection (CBP), utilizing official equipment, detected a vessel approximately four (4) nautical miles north of Dorado, Puerto Rico. Using the equipment, CBP Agents were able to observe the small vessel (Target Vessel) with unknown occupants approach the rear of a cargo ship (later identified as Cargo Vessel: Mediterranean Dawn) and navigate in close proximity to the cargo ship. Using official, equipment CBP personnel observed, in the rear of the cargo ship, multiple occupants while the Target Vessel continued to navigate in close proximity to the rear of the cargo ship which is an unusual maneuver. Shortly after, CBP personnel, using official equipment, observed the individuals in the rear of the cargo ship jettisoning multiple packages from the cargo ship to the area where the Target Vessel was navigating.

At approximately 1:10 am, due to the unusual maneuvers, high drug trafficking area, time of day where no fishermen were working, and no lights on the Target Vessel, CBP then contacted Fuerzas Unidad de Rapida Accion (FURA) Vega Baja who was on patrol to respond and interdict the vessel. Visual monitoring continued to be maintained by CBP personnel using official equipment.

Moments later, FURA approached the Target Vessel to conduct a boarding search of the Target Vessel. FURA turned their overhead blue lights and the Target Vessel initially reduced speed, but upon approach of FURA, Target Vessel increased in speed initiating a chase, failing to heave. During the chase, the boat captain who was later identified as Jesus Manuel MOTA-DE JESUS attempted to evade FURA by ramming the FURA vessel multiple times. During this time, FURA using a Public Address System (PA) continued to give instructions to the Target Vessel to stop. FURA officers, fearing for their lives, attempted to disable the Target Vessel engine by discharging their duty weapon. Subsequently, at approximately 01:40 AM, the Target Vessel stopped navigating at approximately 4 Nautical Miles North of Dorado, Puerto Rico. The Target Vessel was described as a 22 FT white/blue Yola type vessel, with one Yamaha 85HP outboard engine (OBE) with PR

registration: PR3288DD (TARGET VESSEL), with three individuals onboard. The individuals found present inside the target vessel were later identified as [1] Jesus Manuel MOTA DE JESUS (identified through his Puerto Rico driver license), [2] Francisco Enrique MEDINA-OGANDO (identified through his Dominican Republic driver license) and [3] Santo NUNEZ-MARTINEZ (identified through his Dominican Republic driver license).

At approximately 0130AM, FURA proceeded to conduct a boarding of the Target Vessel with the aforementioned three individuals present in the Target Vessel. While conducting the Basic Initial Safety Sweep (BISS), the boarding team located three blue plastic containers filled with brick shaped objects of suspected cocaine. Subsequently, the packages were field tested, which yielded positive for presumptive cocaine.

On March 11, 2025, DEA CCSF from San Juan, PR responded and took custody of all three arrestees and the cocaine for further processing. The total weight of the cocaine seized was approximately 38.05 kilograms.

Agents conducted a post arrest interview with all three defendants. NUNEZ-MARTINEZ waived his Miranda Rights and told agents he had knowledge about transporting cocaine and agreed to transport cocaine from the Dominican Republic with final destination being Puerto Rico.

Agents conducted a post arrest interview with MEDINA-OGANDO who waived his Miranda Rights and stated to agents that he had knowledge he was transporting cocaine to Puerto Rico and was the owner of seven of the thirty-eight kilograms of cocaine.

Agents also conducted a post arrest interview with MOTA-DE JESUS who waived his Miranda Rights. MOTA-DE JESUS told agents that he came to an agreement with unidentified person to pick up MEDINA-OGANDO, NUNEZ-MARTINEZ, and the cocaine.

Based upon my training, experience, and my participation in this investigation, I respectfully believe that sufficient probable cause exists to show that there is present material evidence of a commission of a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), that is, Possession with Intent to distribute more than 5 kilograms of cocaine.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

CHRISTIAN GARCIA
Digitally signed by CHRISTIAN GARCIA
Date: 2025.03.11 18:03:27 -04'00'

Christian Garcia
Special Agent
Drug Enforcement Administration

Sworn to before me pursuant to Fed. R. Cr. P. 4.1 at 10:57AM by telephone, this 12th day of March 2025.

HON. MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO